# EXHIBIT A

Jeffrey J. Prager                                                      05.13.2021
1930 East 86th Street Apartment 319
Bloomington, Minnesota, 55425
651-231-7008
jprager@rocketmail.com

**STATE OF MINNESOTA**
**HENNEPIN COUNTY SUPERIOR COURT**
300 South 4th Street
Minneapolis, 55401

Jefrrey J. Prager

Plaintiff

vs.

Allina Health,
Dr. Ramsey Peterson,
Ms. Kathy Burville

Defendants

Civil Case No._____
(To be assigned by the Clerk of the Court)

**SUMMONS**

**THIS SUMMONS IS DIRECTED TO:**
Allina Health, Dr. Ramsey Peterson,, Ms. Kathy Burwell
407 W 66th Street, Richfield, MN 55423

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at: 1930 East 86th Street, Apartment 319, Bloomington, MN 55425.

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties **may** agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**7. LEGAL COUNCIL & AMENDED CLAIM.** Plaintiff reserves the right to obtain legal counsel, amend this claim, re-serve the Defendants and request class action status.

## VIOLATION OF
## THE GOVERNOR OF MINNESOTA'S EXECUTIVE ORDER 20-81
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

### SPECIAL ACTION JURISDICTION RESPECTFULLY REQUESTED
### JURY TRIAL RESPECTFULLY REQUESTED

8. The State of Minnesota Governors Emergency Executive Order 20-81, at Page Four (4), at 8(a) states the following:

> **Exempt individuals.** The following individuals are exempt from face covering requirements of this Executive Order: a. Individuals with a medical condition, mental health condition, or disability that makes it unreasonable for the individual to maintain a face covering. **This includes, but is not limited to, individuals who have a medical condition that compromises their ability to breathe**, and individuals who are unconscious, incapacitated, or otherwise unable to remove a face covering without assistance. These individuals, **should consider** using alternatives to face coverings, including clear face shields, and staying at home as much as possible. [Emphasis mine]

9. The State of Minnesota Governors Emergency Executive Order 20-81, at Page Twelve (12), 15(e) states the following:

> e. Nothing in this Executive Order requires businesses or their workers to enforce this requirement when it is unsafe to do so, **or authorizes them to restrain, assault or physically remove workers or customers who refuse to comply with this Executive Order.** [Emphasis mine}

10. The State of Minnesota Governors Emergency Executive Order 20-81, at Page Twelve (12), 15(f) states the following:

> f. **Nothing in this Executive Order authorizes businesses or their workers to violate other laws, including anti-discrimination laws.** [Emphasis mine]

## JURISDICTION

11. This court is the only court with jurisdiction. Plaintiff is a decade long resident of Minnesota and Defendants operate numerous locations in the State of Minnesota providing most types of medical services to patients living within the State of Minnesota. Defendants have provided medical care to Plaintiff almost monthly for close to a decade.

## INTRODUCTION

12. Defendants Allina Health Care is a full-service Minnesota Health Care Provider now partnered and financially connected to Aetna as regards this claim. Plaintiff is a 65-year-old former author, investigative journalist and publisher now a retired American collecting Social Security Retirement from the United States Social Security Administration.

## HISTORY

13. On Friday, May 7th, at one-thirty in the afternoon, Plaintiff arrived at Allina Clinic located at 407 W 66th Street, Richfield, MN 55423 for an appointment do have a simple blood draw for a Vitamin D Deficiency Test. Plaintiff has been going to this clinic for approximately 10 years and has received all medical care through this clinic to include surgeries.

14. Plaintiff was told that the clinic's medical director has been consulted and that Plaintiff's blood would not be drawn unless Plaintiff wore a paper face mask which impedes Plaintiff's ability to breathe, is in violation of the State of Minnesota Governor's Executive Order 21-80 and was explained to Defendants.

15. Plaintiff provided a copy of the State of Minnesota's Governor's Executive Order 20-81 to Defendants clearly outlining Plaintiff's EXEMPTION.

16. This had no effect and the Allina clinic manager and the Allina clinic staff refused to perform the medical procedure Plaintiff had scheduled. Allina relied on policy in violation of the law.

17. At all times Plaintiff was wearing a full face clear plastic face shield as recommended but not required per the State of Minnesota's Governor's Order 20-81.

18. Plaintiff was forced against his will to wear a mask, in fact a blue mask known to contain graphene in nano-sized breathable particles which causes severe lung damage. Plaintiff, by being forced to wear a dangerous mask against the State of Minnesota's Governors Executive Order 20-81 experienced immediate difficulty in breathing, had a lowered oxygen intake and an increased CO2 intake. Plaintiff experienced Hypoxia. Plaintiff may have breathed in graphene particles.

## ARGUMENT

19. There is no question that Defendants violated the State of Minnesota Governors Executive Order 20-81 and because Plaintiff is a disabled American treated differently that other Allina

patients this is also a violation of the Americans With Disabilities Act.

20. Crimes have clearly been committed by Defendants for which no defense exists.

## REQUEST

Plaintiff respectfully requests the sum of two-thousand dollars ($2000.00) for violation of the State of Minnesota's Governors Executive Order.

Plaintiff respectfully requests the sum of ten-thousand dollars ($10,000.00) for violation of the Americans With Disabilities Act.

Plaintiff respectfully requests treble damages.

Plaintiff is amenable to settling this claim.

Signed: _____  May 13, 2021

Printed Name: _____ Jeffrey Prager, May 13, 2021

1930 East 86th Street #319
Bloomington, MN 55425
(651) 231-7008
jprager@rocketmail.com

# ORDER

It is the order of this court that _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Dated _____ 2021

By _____

Judge of the Superior Court
of Hennepin County, Minnesota