UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey J. Prager,  Civil No. 21-1351 (DWF/ECW)

    Plaintiff,

v.  **MEMORANDUM OPINION AND ORDER**

Allina Health, Dr. Ramsey Peterson,
and Ms. Kathy Burville,

    Defendants.

## INTRODUCTION

This matter is before the Court on Defendants Allina Health, Dr. Ramsey Peterson, and Ms. Kathy Burville's (collectively, "Allina") Motion to Dismiss. (Doc. No. 5 ("Motion")) Plaintiff Jeffrey J. Prager's ("Prager") Complaint (Doc. No. 1-1 ("Compl.").) Prager's Complaint alleges that (1) Allina violated the Emergency Executive Order 20-81 issued by Minnesota Governor Tim Walz in July 2020 ("Executive Order 20-81"), and (2) asserts a claim under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").[1] For the reasons set forth below, the Court grants Allina's Motion.

---

[1] The full text of Executive Order 20-81 can be found at https://www.leg.mn.gov/archive/execorders/20-81.pdf (last accessed on October 20, 2021). In short, Executive Order 20-81 was issued in response to the COVID-19 pandemic and required Minnesotans to wear face coverings in certain settings to prevent the spread of COVID-19.

Executive Order 20-81 defines a "face covering" as "a paper or disposable face mask, a cloth face mask, a scarf, a bandanna, a neck gaiter, or a religious face covering."

## BACKGROUND

Allina is a full-service healthcare provider that operates numerous clinics and hospitals throughout the State of Minnesota. (Doc. No. 1-1 ("Compl.") ¶ 11.) Plaintiff, Jeffrey J. Prager ("Prager") has been an Allina patient for approximately ten years, mainly at a clinic in Richfield, Minnesota. (*Id.* ¶ 13.)

On May 7, 2021, Prager arrived at the Richfield clinic for a routine Vitamin-D-deficiency test wearing a clear plastic face shield. (*Id.* ¶¶ 13, 17.) Staff at the Richfield Clinic told Prager that he would not be treated unless he wore a paper face mask. (*Id.* ¶ 14.) Prager provided a copy of Executive Order 20-81 and explained that he was exempt from wearing a paper mask because it would impede his ability to breathe.[2] (*Id.*) Allina staff reiterated that Prager would not be treated unless he wore a paper mask. (*Id.* ¶ 16.) Prager ultimately relented. (*Id.* ¶ 18.) He asserts that he was "forced against

---

*Id.* at 3, ¶ 3a. It also states that "[i]n some instances, face shields may be required in addition to or instead of face coverings or may be allowed as an alternative to face coverings." *Id.* at 5, ¶ 9e.

Certain individuals are exempt from the mask requirement, including individuals with physical or mental conditions that make it unreasonable for them to wear a face covering, workers for whom a face covering would create a job hazard, and children under the age of six. *Id.* at 4, ¶ 8a.

Executive Order 20-81 also provides that "[n]othing in this Executive Order requires businesses or their workers to enforce this requirement when it is unsafe to do so, or authorizes them to restrain, assault or physically remove workers or customers who refuse to comply with this Executive Order" and "[n]othing in this Executive Order authorizes businesses or their workers to violate other laws, including anti-discrimination laws." *Id.* at 12 ¶¶ 15e, f.

[2]    Prager's Complaint did not cite a specific medical condition that would impede his ability to breath while wearing a paper mask. (*See generally*, Compl.)

2

his will to wear a mask, in fact a blue mask known to contain graphene in nano-sized breathable particles which cause severe lung damage." (*Id.*) He also asserts that "by being forced to wear the dangerous mask. . . [he] experienced immediate difficulty in breathing, had a lowered oxygen intake and an increased CO2 intake," he "experienced hypoxia," and "may have breathed in graphene particles." (*Id.*) As a result, Prager alleges violations of Executive Order 20-81 and the ADA.[3] (*Id.* ¶ 19.) He seeks $2,000 for the alleged violation of Executive Order 20-81, $10,000 for the alleged ADA violation, and treble damages. (*Id.*, Request.)

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp.*, 186 F.3d at 1079.

---

[3]   Prager's Complaint does not indicate that he has a disability, or state any element related to a claim under the ADA. (*See generally* Compl.)

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

A. **Enforcement of Executive Order 20-81 Claim**

For an executive order to be judicially enforceable, it must have the force and effect of law, and it must create a private right of action. *Indep. Meat Packers Ass'n v. Butz*, 526 F.2d 228, 234-36 (8th Cir. 1975), *cert. denied*, 424 U.S. 966 (1976). Here, the enforcement provision of Executive Order 20-81 provides that:

> [T]he Attorney General, as well as city and county attorneys, may seek any civil relief available pursuant to Minnesota Statutes 2019, section 8.31, for violations of this Executive Order, including civil penalties up to $25,000 per occurrence from businesses and injunctive relief.

Executive Order 20-81 at 14, ¶ 20(b)(ii). It also provides that:

> State and local licensing and regulatory entities that regulate businesses for compliance with statutes, rules, and codes to protect the public are encouraged to assess regulated businesses' compliance with this Executive Order and use existing enforcement tools to bring businesses into compliance.

4

*Id.* at ¶ 20(c).  Importantly, there is nothing in Executive Order 20-81 that creates an independent cause of action for an individual alleging a violation.  *See generally* Executive Order 20-81.  Therefore, even allowing that Executive Order 20-81 has the force and effect of law, the Court finds that Prager's claim fails as a matter of law because Executive Order 20-81 does not include a private right of action.

    **B.**    **ADA Claim**

The ADA prohibits discrimination against people with disabilities in several areas, including employment, transportation, public accommodations, communications, and access to state and local government programs and services.  42 U.S.C. §§ 12101 *et seq*.  Prager alleges that "because [he] is a disabled American treated differently that [sic] other Allina patients this is also a violation of the Americans With Disabilities Act."  (Compl. ¶ 19.)  Prager does not specify how he is disabled or allege any specific violation of the ADA.  (*See generally* Compl.)  The Court finds that Prager's threadbare allegation fails to state a claim upon which relief can be granted; simply invoking the ADA by reference with no more information or support is insufficient to plead a cognizable claim.

Even granting deference to Prager as a pro se litigant and assuming that he intended to assert a public accommodation claim under Title III of the ADA, 42 U.S.C. § 12182(a) ("Title III"), the Court finds that his claim still fails.

Title III prohibits "any person who owns, leases (or leases to), or operates a place of public accommodation" from discriminating against an individual based on that individual's disability.  42 U.S.C. § 12182(a).  To assert a claim under Title III, Prager must allege that:  (1) he is disabled under the ADA, (2) Allina is a private entity that

owns, leases, or operates a place of public accommodation, (3) Allina took adverse action against Prager that was based upon Prager's disability, and (4) Allina failed to make reasonable modifications that would accommodate Prager's disability without fundamentally altering the nature of the public accommodation. *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8th Cir. 1999).

Even allowing that the ADA defines hospitals and clinics as a place of public accommodation, 42 U.S.C. § 12181(7)(F), and that permitting him to wear a face shield as opposed to cloth face covering could be considered a reasonable accommodation, Prager fails to plead the other required elements to support his claim.[4]  Importantly, while Prager states that he "is a disabled American," (Compl. ¶ 19), he fails to plead a disability within the meaning of the ADA.[5]  The Court finds that his broad allegation is insufficient to support a claim under the ADA.  The Court also finds that even if Prager does have a disability, he has failed to allege that Allina took an adverse action against him based on

---

[4]  As a pro se litigant, the Court liberally construes Prager's Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court also construes all reasonable inferences in his favor. *Becker*, 793 F.2d at 187.  The Court still finds, though, that Prager fails to state a cognizable claim under the ADA.

[5]  "A person is disabled within the meaning of the ADA if he demonstrates that he has a physical or mental impairment that substantially limits one or more of his major life activities, that he has a record of such an impairment, or that he is regarded as having such an impairment." *Amir*, 184 F.3d at 1027.  Major life activities include "functions such as 'caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Id.* (quoting 28 C.F.R. § 36.104).  While Prager states that wearing a face covering impeded his ability to breathe (Compl. ¶ 18), he does not allege any specific disability he suffers from.

that disability.  Rather, it appears that Allina acted to enforce an important public health policy to ensure Prager's safety and the safety of those around him.[6]

## CONCLUSION

For the reasons set forth above, the Court grants Allina's Motion.  Specifically, Prager's enforcement claim fails because Executive Order 20-81 does not include a private right of action, and his ADA claims fails because he does not provide enough facts to state a claim to relief that is plausible on its face.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that Allina's Motion to Dismiss (Doc. No. [5]) is **GRANTED**.  This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 20, 2021                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

---

[6]     This being said, the Court notes that Prager was wearing a face shield.  While the Court cannot conclude that Prager has a disability that necessitated he wear a shield rather than a cloth mask or no mask at all, it notes that Executive Order 20-81 permits face shields as an alternative to cloth masks in some situations.  Executive Order 20-81 at 5, ¶ 9e.  Here, it appears that Allina executed a one-size-fits all policy not fully supported by Executive Order 20-81 and failed to recognize Prager's individual concerns.  While this is not enough to support Prager's ADA claim, the Court believes that Allina could have treated Prager with greater dignity.